UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PABLO MARQUEZ-GARDUZA,

Petitioner,

v.

STATE OF WASHINGTON,

Respondent.

CASE NO. 3:26-cv-06241-TL-BAT

**REPORT AND RECOMMENDATION**

Before the Court is Petitioner, Pablo Marquez Garduza's 28 U.S.C. § 2254 *pro se* petition for writ of habeas corpus. Dkt. 7. The Court has reviewed the petition under Rule 4 of the rules governing § 2254 petitions and recommends Petitioner's federal writ be **DISMISSED** with prejudice and without leave to amend because (1) Petitioner has never presented his claims to the highest state court and they are unexhausted; (2) the petition is time-barred by the federal habeas statute of limitations; and the (3) the claims are frivolous. If the petition is dismissed, issuance of a certificate of appealability should be denied.

## DISCUSSION

### A. Background and Claims Raised in the Habeas Petition

Petitioner challenges his convictions for three counts of Rape of a Child in the First Degree and one count of Child Molestation in the First Degree in Clark County Superior Court

case number 16-1-02199-3. Dkt. 1 at 1. The habeas petition avers Petitioner did not appeal his judgment of conviction or seek review by a higher state court, *id.* at 2, and did not file other petitions, applications or motions in the state courts challenging his convictions. *Id.* at 3. Petitioner states he did not seek review of his convictions in the Washington State Courts because:

> Washington does not have jurisdictional authority to decide United States Constitutional matters outside its jurisdictional or statutory authority governing limits Accordance with Tile 28 U.S.C. 1991 and 28 U.S.C § 1934. *See Martin v. Hunters Lesee* (1816) 4 L.Ed 97, Wheat 304.

*Id.* at 5. As grounds for relief, Petitioner has attached a typed "Attachment" that has been used repeatedly by numerous other habeas petitioners in state custody. *See e.g. Reunion v. State of Washington*, 2:26-cv-03922-TL-BAT (filed 10/13/26); *Ivie v. Washington State,* 3:26-cv-06254-BJR-BAT (filed 10/13/26); *Carson v. State of Washington*, 3:26-cv-06216-DGE-ML (filed 10/5/26); *Warner v. State of Washington*, 3:26-cv-06240-TL-TLF (filed 10/9/26); *Singh v. State of Washington*, 3:26-cv-06214-JHC-TLF (filed 10/5/26); *Garvie v. State of Washington*, 2:26-cv-03910-TMC-DWC (filed 10/8/226); *Saline v. State of Washington*, 3:26-cv-06238-RAJ-DWC (filed 10/9/26).

Petitioner's Attachment alleges as ground one that his conviction and imprisonment violate his right to be charged by Grand Jury Indictment. Dkt. 1 at 16.

Ground two alleges Petitioner's state conviction and imprisonment violate his federal constitutional rights because Washington State has violated his federal rights and "no state court has jurisdictional authority to adjudicate this matter because states do not have the jurisdictional authority to rule on issues outside of their limited jurisdictional or statutory authority" and only a federal court can adjudicate the Washington's violation of Petitioner's civil rights. *Id*. at 17.

Ground three alleges Petitioner's conviction and imprisonment violate the Thirteenth Amendment's prohibition of slavery and involuntary servitude because Petitioner has "not been duly convicted of any crimes." *Id.* at 18.

Ground four alleges Petitioner's conviction and imprisonment violate the Fifth Amendment right to due process because his civil rights were violated. *Id.* at 19.

Petitioner contends his federal writ is timely because no one told him he had the federal rights that he now asserts as grounds for relief and the Court should thus equitably toll the habeas statute of limitations. *Id.* at 21. As relief, Petitioner asks the Court to "intervene." *Id.* at 20.

**B. Petitioner's Claims are Unexhausted**

Petitioner may pursue federal habeas relief only after he has exhausted state judicial remedies by fully and fairly presenting his claims to the highest state court. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1)(A).[1] *See Rose v. Lundy*, 455 U.S. 509 (1982). The exhaustion doctrine is based on a policy of federal and state comity that is designed to give state courts the initial opportunity to correct alleged constitutional deprivations. *See Picard v. Connor*, 404 U.S. 270, 275 (1971). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. *Id.* at 276.

Thus, petitioner is required to raise the grounds for relief contained in his habeas petition to the Washington Court of Appeals and Washington Supreme Court. Petitioner affirmatively avers he has not appealed his convictions to the state court and not filed state petitions for

[1] This section states that "An application for a writ of habeas corpus on behalf of a person in cusody to the judgement of a State court shall not be granted unless it appears that —(A) the applicant has exhausted the remedies available in the courts of the State."

collateral relief. Petitioner thus acknowledges he has never presented his claims to the state courts. Each of the claims contained in his federal petition is therefore unexhausted and should be dismissed.

Petitioner acknowledges he has not presented his claims to the state courts but contends he failed to do so because they lack the "jurisdictional authority to decide on United States Constitution matters." This contention fails to excuse his failure to exhaust because federal habeas relief is available only where the state court's adjudication was contrary to or an unreasonable application of clearly established federal law as established by the Supreme Court of the United States. Hence state courts have the authority to determine whether the federal constitutional rights of a state criminal defendant were violated, and in a habeas action, federal courts are limited to reviewing the state courts' determination regarding those federal rights.

A federal court must dismiss a habeas petition if all claims are unexhausted. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991) ("This Court has long held that a state prisoner's habeas petition should be dismissed if the prisoner has not exhausted state remedies as to any of his federal claims."). Petitioner avers he has not presented his grounds for relief to the state courts and argues he need not because the state courts lack the authority to address his federal claims. His federal petition is unexhausted and should be dismissed.

**C. Petitioner's Habeas Claims are Barred by the Statute of Limitations**

Petitioner alleges he was sentenced by the Clark County Superior Court on May 26, 2023. Petitioner's habeas petition is time barred because federal habeas petitions challenging a state conviction and sentence are subject to a one-year statute of limitations. *See* 28 U.S.C. § 2241 et seq. Section 2244 sets forth the applicable limitations periods:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the

> judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2).

For purposes of 28 U.S.C. § 2244(d)(1)(A), direct review generally concludes, and the judgment becomes final either upon the expiration of the time allowed for filing a petition for writ of certiorari with the Supreme Court, or when the Court rules on a timely filed petition for certiorari. *Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999). Generally, a conviction becomes "final" when the 90-day period for filing a petition for *certiorari* to the Supreme Court expires. *See United States v. Garcia*, 210 F.3d 1058, 1060 (9th Cir. 2000).

When there is no direct review or the direct review process terminates prior to reaching the state's highest court, however, the judgment becomes final on an earlier date. *Gonzalez v.*

*Thaler*, 565 U.S. 134, 147-154 (2012); *Wixom v. Washington*, 264 F.3d 894 (9th Cir. 2001). As the Supreme Court has explained:

> The text of § 2244(d)(1)(A), which marks finality as of "the conclusion of direct review or the expiration of the time for seeking such review," consists of two prongs. Each prong—the "conclusion of direct review" and the "expiration of the time for seeking such review"—relates to a distinct category of petitioners. For petitioners who pursue direct review all the way to this Court, the judgment becomes final at the "conclusion of direct review"—when this Court affirms a conviction on the merits or denies a petition for certiorari. For all other petitioners, the judgment becomes final at the "expiration of the time for seeking such review"—when the time for pursuing direct review in this Court, *or in state court*, expires.

*Gonzalez*, 565 U.S. at 150. (emphasis added).

As noted above, under 28 U.S.C. § 2244(d)(2), if during the limitations period a "properly filed application for state post-conviction or other collateral review . . . is pending," the one-year period is tolled. 28 U.S.C. § 2244(d)(2); *see Pace v. DiGulielmo*, 544 U.S. 408, 410 (2005). Petitioner "bears the burden of proving that the statute of limitations was tolled." *Banjo v. Ayers*, 614 F.3d 964, 967 (9th Cir. 2010).

Here, Petitioner avers the Clark County Superior Court entered the judgment and sentence on May 26, 2023. Petitioner did not file a direct appeal and the time for filing a direct appeal expired thirty days after entry of the judgment and sentence, on June 25, 2023. *See* RAP 5.1 and RAP 5.2. Because petitioner did not file a direct appeal, the judgment and sentence became final on that date (when the time for seeking direct review in the state court expired), and the federal habeas statute of limitations began to run the following day, on June 26, 2023, and expired one year later on June 26, 2024. *See Corjasso v. Ayers*, 278 F.3d 874, 877 (9th Cir. 2002). Even if the Court included an additional 90 days for seeking certiorari in its calculation, the statute would have begun to run at the latest on September 26, 2023, and would have expired

one year later on September 26, 2024. Petitioner filed his federal writ far outside the limitations period and should accordingly be dismissed with prejudice.

Because petitioner's federal habeas petition is untimely, the Court considers whether there are equitable grounds to toll the statute of limitations, as he claims. The federal habeas statute of limitations is subject to equitable tolling where a petitioner pursued his or her rights diligently and "some extraordinary circumstance stood in his way." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotations omitted). To obtain equitable tolling, a petitioner at the very least must show the extraordinary circumstances "were the but-for and proximate cause of his untimeliness." *Ansaldo v. Knowles*, 143 Fed. App'x. 839, 840 (9th Cir. 2005).

Petitioner fails to allege any facts that establish he pursued his rights diligently and some extraordinary circumstance stood in his way and prevented him from raising his habeas claims within the statute of limitations. Petitioner claims he did not timely seek federal habeas relief because "no one told him about these rights." But the fact Petitioner is not a lawyer or lacks legal sophistication does not establish extraordinary circumstances required for equitable tolling. *See Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("[A] *pro se* petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance"). The Court accordingly concludes petitioner has failed to show there are equitable grounds to toll the statute of limitations and his federal habeas petition is barred by the § 2244 limitations period. Further as discussed above, the grounds for relief raised are either not cognizable or lack merit.

**D. Petitioner's Claims Lack Merit**

Even if plaintiff had exhausted the claims asserted in his federal habeas petition, and filed his writ within the statute of limitations none of the claims have merit and the petition should therefore be dismissed with prejudice.

***1. Requirement of Grand Jury Indictment***

Petitioner's claims revolve around the contention his federal constitutional rights were violated because he was not charged in the state court by Grand Jury Indictment as required by the Fifth Amendment. The contention is frivolous because it has long been settled the Federal Constitution is not violated when a state prosecuting attorney files a criminal information in lieu of obtaining a grand jury indictment. *Hurtado v. People of State of California*, 110 U.S. 516 (1884) (Rejecting claim that grand jury indictment is essential to due process and that it is a violation of the Fourteenth Amendment for a state to prosecute a defendant by criminal information).

***2. Thirteenth Amendment and Slavery***

Petitioner claims his convictions and sentence violate the Thirteenth Amendment's prohibition against slavery. Plaintiff presents nothing to support the contention. If petitioner is claiming he performs work activity in the prison in violation of the Thirteenth Amendment, the claim fails. Although the Thirteenth Amendment prohibits slavery and involuntary servitude, it explicitly exempts forced labor that is imposed as punishment pursuant to a criminal conviction. U.S. Const. Amend. XIII. "Neither slavery nor involuntary servitude, except as a punishment for crime whereof the party shall have been duly convicted, shall exist within the United States .... "*Id*. § 1. The Thirteenth Amendment thus does not apply where prisoners are required to work in accordance with prison rules. *Berry v. Bunnell*, 39 F.3d 1056, 1057 (9th Cir.1994).

If petitioner is claiming the Thirteenth Amendment is violated because his conviction was obtained without a grand jury indictment and is invalid, the claim also fails. As noted above a state may charge a criminal defendant by information and the failure to utilize a grand jury does

not offend the United States Constitution. Accordingly, this claim should be dismissed with prejudice.

**3. *General Due Process Claims***

Petitioner claims his due process rights were violated. This claim appears to be based on the grounds "no bill of indictment has been brought against [Petitioner] making all charges fraudulent and illegal. Therefore, my arrest my conviction and my imprisonment are also illegal." Dkt. 1 at 19. As discussed above Petitioner's federal rights were not violated when he was charged by criminal information filed by the state prosecuting attorney and not charged by grand jury indictment.

In sum, Petitioner's federal writ should be dismissed with prejudice because Petitioner has failed to present his claims to the highest state court and each claim is unexhausted; the writ is untimely and barred by the federal statute of limitations; there are no equitable grounds to toll the limitations period; and each of the claims raised are frivolous.

## CERTIFICATE OF APPEALABILITY

If the District Court adopts the Report and Recommendation, it must determine whether a certificate of appealability ("COA") should issue. Habeas Rule 11(a). A COA may be issued only where a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). The Court recommends a COA not be issued. No jurist of reason would find it debatable whether the district court was correct in its ruling that petitioner has failed to exhaust his state remedies; the petition is time barred; and each

claim presented is frivolous. Petitioner should address whether a COA should issue in his written objections, if any, to this Report and Recommendation.

## OBJECTIONS AND APPEAL

This Report and Recommendation is not an appealable order. Thus, Petitioner should not file a notice of appeal in the Court of Appeals for the Ninth Circuit until the assigned District Judge enters a judgment in the case.

Objections, however, may be filed no later than **November 9, 2026.** The Clerk shall note the matter for **November 10, 2026**, as ready for the District Judge's consideration. The failure to timely object may affect the right to appeal.

DATED this 23rd day of October, 2026.

BRIAN A. TSUCHIDA
United States Magistrate Judge